**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 25-8460-JFW(BFMx)** | Date: October 30, 2025 |
| Title: | Garrett Michael Larch-Miller -v- General Motors, LLC, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [filed 10/6/2025; Docket No. 19]**

On October 6, 2025, Plaintiff Garrett Michael Larch-Miller ("Plaintiff") filed a Motion to Remand. On October 10, 2025, Defendant General Motors LLC ("Defendant") filed its Opposition. On October 20, 2025, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for November 3, 2025 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On April 7, 2025, Plaintiff filed a Complaint against Defendant in Los Angeles County Superior Court. Plaintiff alleges that, on March 12, 2024, he purchased a 2021 Chevrolet Silverado 1500 (the "Subject Vehicle"), manufactured and/or distributed by Defendant. He claims that the Subject Vehicle had transmission defects covered by Defendant's express warranties and that Defendant (or its authorized service and repair facility) failed to repair the vehicle after a reasonable number of attempts, and failed promptly replace the vehicle or provide restitution to Plaintiff. Plaintiff alleges claims arising under the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790, *et seq.*, and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* Plaintiff seeks, *inter alia*, actual damages; restitution; consequential and incidental damages; a civil penalty up to two times the amount of actual damages; and reasonable attorneys' fees. Plaintiff, however, does not expressly allege the purchase price of the Vehicle, the amount of damages sought, or the amount in controversy in the Complaint.

Defendant was served with the Summons and Complaint on April 11, 2025, and, on July 1,

2025, Defendant filed its Answer.  On September 5, 2025, after conducting a preliminary investigation and determining that the amount in controversy exceeded $75,000,  Defendant removed the action to this Court, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

Plaintiff moves to remand on the grounds that Defendant's removal of the action was untimely, or in the alternative, on the grounds that Defendant has failed to meet its heavy burden of establishing that the amount in controversy exceeds the jurisdictional threshold.

II.     **LEGAL STANDARD**

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*)*.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  A defendant may remove a civil action filed in state court to federal court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  Generally, removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).

However, to remove an action from state to federal court, a defendant must also comply with the procedural requirements for removal.  28 U.S.C. § 1446(a)–( c).  The notice of removal must be filed either: (1) within thirty days of receipt of the complaint, 28 U.S.C. § 1446(b)(1); or (2) "if the case stated by the initial pleading is not removable," within thirty days of the defendant's receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3) ; *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93, 695 (9th Cir. 2005).

The latter thirty-day period for removal begins when an amended pleading, motion, order, or other paper makes a ground for removal "unequivocally clear and certain."  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).  Although "other paper" is not defined by the statute, the Ninth Circuit has interpreted this term broadly.  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) (holding that the plaintiffs "need only provide to the defendant a document from which removability may be ascertained . . . [to] trigger the thirty-day removal period").  "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in § 1332(a)," an "other paper" under subsection (b)(3) may derive from "information relating to the amount in controversy in the record of the State

proceedings or in responses to discovery." 28 U.S.C. § 1446(c)(3)(A).

A notice of removal is "defect[ive]" under § 1447(c) if a party "fail[s] to comply with the time limit provided in § 1446(b) for filing a petition for removal in state court." *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009).

### III.    DISCUSSION

In his Motion, Plaintiff argues that Defendant's removal of this action was untimely, because Defendant could have easily ascertained that the amount in controversy exceeded $50,000 (for the MMWA claim) from the face of Plaintiff's Complaint. In the alternative, Plaintiff argues that Defendant has failed to meet its burden of demonstrating that the amount in controversy exceeds $50,000. In its Opposition, Defendant argues that it is not clear on the face of the Complaint that either federal question or diversity jurisdiction existed and, as a result, Defendant's deadline to remove was not triggered by Defendant's receipt of the Complaint. Defendant also argues that it has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.

#### A.    Defendant's Notice of Removal Was Not Untimely

Despite Plaintiff's argument to the contrary, the Court concludes that it is not clear from the face of the Complaint that this action was removable either based on diversity or federal question jurisdiction. *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 917 (9th Cir. 2005) (holding that although "the Magnuson-Moss Warranty Act creates a federal private cause of action for a warrantor's failure to comply with the terms of a written warranty," a claim cannot be brought in federal court under the MMWA if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit); *see also* 15 U.S.C. § 2310(d)(3). In its Notice of Removal, Defendant alleges that it removed this action on the basis of diversity jurisdiction once its independent investigation revealed that the amount in controversy was in excess of $75,000. Plaintiff argues that given Defendant's sophisticated knowledge of the motor vehicle industry, Defendant could have estimated the amount in controversy by estimating the value of the Subject Vehicle based on the make, model, year, and VIN alleged in the Complaint. However, the Ninth Circuit has held that the first thirty-day removal period is triggered only where the initial pleading contains the facts giving rise to removability, without reference to any information or knowledge in the possession of the defendant. *See, e.g., Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005). In *Harris*, the Ninth Circuit held that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris,* 425 F.3d at 694. The Ninth Circuit explained that this rule avoids "the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." *Harris*, 425 F.3d at 697. In *Kuxhausen*, the Ninth Circuit reiterated that "defendants need not make extrapolations or engage in guesswork" to determine whether the amount in controversy requirement is satisfied. *Kuxhausen*, 707 F.3d at 1140. In addition, district courts in this circuit have applied *Kuxhausen* and *Harris* to deny motions to remand that are substantially similar to the one brought by Plaintiff in this action. *See, e.g., Alvarez-Munguia v. Ford Motor Company*, 2024

WL 69076 (N.D. Cal. Jan. 5, 2024) ("The Court finds that service of the summons and complaint did not trigger the first thirty-day removal period, because the complaint does not allege facts showing that the amount in controversy exceeds $75,000"); *Agasang v. Jaguar Land Rover N. Am., LLC*, 2023 WL 8234641, at *2 (C.D. Cal. Nov. 27, 2023) ("Defendant's subjective knowledge about the value of the Vehicle is irrelevant, nor was it required to investigate whether the damages sought exceeded the amount-in-controversy requirement under § 1332"); *Alcazar v. Nissan N. Am., Inc.*, 2023 WL 4706167, at *2 (N.D. Cal. July 24, 2023) ("Alcazar argues that Nissan's 'sophistication and knowledge of the motor vehicle industry' should have put it on notice that the amount-in-controversy requirement was met, . . . but removability is determined from the pleadings and not the defendant's subjective knowledge, *see Harris*, 425 F.3d at 694"); *Moran v. Ford Motor Co.*, 2023 WL 4532755, at *3 (S.D. Cal. July 13, 2023) (concluding that "while Defendant could have made a plausible guess that the amount in controversy in this case exceeded $75,000, Defendant was under no obligation to do so" and "[t]he fact that Defendant could have made a further inquiry to estimate the subject vehicle's purchase price is insufficient to trigger the thirty-day clock") (internal quotation marks and citation omitted).

Accordingly, the Court concludes that Defendant's Notice of Removal was not untimely because it is not clear from the face of the Complaint that this action was removable.

### B.   Defendant Has Adequately Demonstrated That the Amount in Controversy Exceeds $75,000

Plaintiff also argues that Defendant has failed to meet its burden of demonstrating, by a preponderance of the evidence, that the amount in controversy exceeds $50,000.[1] The Court disagrees, and concludes that Defendant has adequately demonstrated, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  In his Complaint, Plaintiff alleges three categories of remedies for his state law Song-Beverly Act claims: (1) actual damages; (2) civil penalties; and (3) attorneys' fees.  In the Notice of Removal, Defendant estimated actual damages of $23,194.78, based on an estimate of the value of the Subject Vehicle and an estimate of statutorily required deductions for mileage offset, third-party service contracts, manufacturer's rebates, and negative equity.  In its Opposition, Defendant revised its estimated actual damages to $26,168.69, by relying on Plaintiff's Retail Installment Sale Contract, the Subject Vehicle's repair history, and Plaintiff's payment history to determine and calculate the purchase price of the Subject Vehicle ($41,877.75), the cash value of the Subject Vehicle ($31,100.00), an estimated mileage offset ($187.12), an offset for optional third-party contracts ($1,000.00), and an offset for unpaid

---

[1] Although $50,000 is the amount in controversy required for an MMWA claim, Defendant did not remove on the basis of the MMWA claim.  Instead, Defendant removed on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a).  As a result, Defendant must demonstrate that the amount in controversy exceeds $75,000, not $50,000.  With respect to diversity jurisdiction, Plaintiff does not deny that he is a citizen of California.  To the contrary, Plaintiff argues that Defendant is "attempt[ing] to manufacture ambiguity where none exists" when Defendant stated that Plaintiff's citizenship was not clear from the face of the Complaint.  *See, e.g.*, *Burch v. Ford Motor Co.*, 758 F. Supp. 3d 1092 (N.D. Cal. 2024) (denying motion to remand, accepting residence as prima facie evidence of California citizenship where plaintiff failed to offer any evidence of his citizenship in rebuttal).

financing ($14,521.94).  Based on the evidence provided with Defendant's Opposition, the Court concludes that Defendant reasonably calculated actual damages of $26,168.69.

With respect to civil penalties, "[t]he Ninth Circuit routinely considers civil penalties when deciding whether the amount-in-controversy requirement has been satisfied, including in Song-Beverly cases." *Wang v. FCA US LLC*, 2025 WL 1218745, at *2 (C.D. Cal. Apr. 28, 2025) (*citing Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007)).  In this case, Plaintiff clearly alleges that Defendant's conduct was willful and seeks civil penalties of up to two times the amount of actual damages.  As a result, the Court concludes that Defendant reasonably calculated civil penalties of $52,337.38 ($26,168.69 x 2).  *See Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 902 (S.D. Cal. 2021) (declining to require the defendant to "prove a case against itself" with respect to liability for civil penalties in the calculation of the amount in controversy).  As a result, the amount in controversy, exclusive of attorneys' fees, based on actual damages and civil penalties is $78,506.07.

Prospective attorneys' fees are also properly included in the Court's assessment of the amount in controversy.  *See Arias v. Residence Inn by Marriott,* 936 F.3d 920, 922 (9th Cir. 2019) ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy"); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016) (noting that the amount in controversy includes "damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes").  The Court concludes that Defendant's estimate of $15,000 in attorneys' fees, which would make the amount in controversy $93,506.07, is reasonable.  *See Carrington Stonemasones, Inc. v. Ford Motor Company*, 2024 WL 1745038 (N.D. Cal. Apr. 22, 2024) (noting that attorneys' fees in Song-Beverly Act actions "usually total at least $35,000 and commonly exceed $100,000"); *see also Salvestrini v. General Motors, LLC*, 2023 WL 8255125 (S.D. Cal. Nov. 29, 2023) (concluding that courts may rely on their "own knowledge of customary rates and [their] experience concerning reasonable and proper fees" and finding that $50,000 was a reasonable estimate of attorneys' fees in a Song-Beverly Act case) (*citing Frisch v. Swift Transporation Company of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018)).

Accordingly, the Court concludes that Defendant has adequately demonstrated that the amount in controversy exceeds $75,000.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.

IT IS SO ORDERED.